# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL WADE DAVISON,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>AARON GERRITS and CODY PIERCE,<br><br>　　　　　　　Defendants. | Case No. 3:24-cv-00240-SLG |

## **SCREENING ORDER**

On October 31, 2024, self-represented prisoner Michael Wade Davison ("Plaintiff") filed a civil complaint, a civil cover sheet, an application to waive prepayment of the filing fee, and an incomplete summons form.[1] Plaintiff's claims relate to events that allegedly occurred while he was in the custody of the Alaska Department of Corrections ("DOC") at the Mat-Su Pretrial Facility. Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Court System.[2]

---

[1] Dockets 1-4.

[2] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); See also *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

In Claim One, Plaintiff alleges that on or about October 2, 2024, DOC Officer Aaron Gerrits used excessive force against him in violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.[3] In Claim Two, Plaintiff alleges Officer Cody Pierce violated his right to receive adequate medical care under the Eighth and Fourteenth Amendments.[4] For relief, Plaintiff seeks $250,000 in damages, $250,000 in punitive damages, and an order requiring defendants to take an anger management class.[5]

The Court now has screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Accepting the allegations as true, construing the pleading in the light most favorable to Plaintiff, and resolving all doubts in Plaintiff's favor,[6] the Complaint appears to state a plausible claim for violations of Plaintiff's federal constitutional rights against only Defendant Gerrits. This means that Plaintiff's claim of excessive force against Defendant Gerrits will not be summarily dismissed at this time but may proceed to the next stage of litigation.

However, Plaintiff has not provided sufficient facts, which, if accepted as true, state a plausible claim for relief against Defendant Pierce. Therefore, Plaintiff

---

[3] Docket 1 at 3.

[4] Docket 1 at 4.

[5] Docket 1 at 7.

[6] *See Hebbe v. Plier*, 627 F.3d 338, 342 (9th Cir. 2010) ("[O]ur 'obligation' remains [after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)], 'where the petitioner is *pro se,* particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'") (citation omitted)).

Case No. 3:24-cv-00240-SLG, *Davison v. Gerrits, et al.*
Screening Order
Page 2 of 15
Case 3:24-cv-00240-SLG    Document 6    Filed 02/12/25    Page 2 of 15

is accorded **30 days** to file an amended complaint that attempts to correct the deficiencies identified in this order as to Defendant Pierce, or he may file a notice voluntarily dismissing Defendant Pierce and proceed only on his claim against Defendant Gerrits.

The Court will then issue an Order Directing Service and Response that will explain the requirements of completing service of a copy of the complaint on each opposing party. Plaintiff must not attempt service on any opposing party until the Court so orders.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[7] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[8]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to

---

[7] 28 U.S.C. §§ 1915, 1915A.

[8] 28 U.S.C. § 1915(e)(2)(B).

Case No. 3:24-cv-00240-SLG, *Davison v. Gerrits, et al.*
Screening Order
Page 3 of 15
Case 3:24-cv-00240-SLG   Document 6   Filed 02/12/25   Page 3 of 15

the plaintiff, and resolve all doubts in the plaintiff's favor.[9] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[10] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[11] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[12]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[13] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[14]

---

[9] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[10] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[11] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[12] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including ... details contrary to his claims").

[13] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[14] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:24-cv-00240-SLG*, Davison v. Gerrits, et al.*
Screening Order
Page 4 of 15
Case 3:24-cv-00240-SLG   Document 6   Filed 02/12/25   Page 4 of 15

# DISCUSSION

## I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[15] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[16] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[17] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18] Further, it is not a court's responsibility to review filings or exhibits to identify possible claims. But a Court must liberally construe claims brought by self-represented prisoners, understanding that self-represented litigants are not required to identify the precise legal theories applicable to their case or make sophisticated legal arguments in their complaint.

---

[15] Fed. R. Civ. P. 8(a)(2).

[16] *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).

[18] *Ashcroft*, 556 U.S. at 678.

Case No. 3:24-cv-00240-SLG, *Davison v. Gerrits, et al.*
Screening Order
Page 5 of 15
Case 3:24-cv-00240-SLG     Document 6     Filed 02/12/25     Page 5 of 15

A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between that specific injury and the conduct of that defendant.[19]

**II.     Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")**

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[20]  A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[21]   To be deprived of a right, the defendant's action needs to violate either rights guaranteed by the Constitution or an enforceable right created by federal law.[22] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[23]

---

[19] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[20] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[21] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[22] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[23] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

Case No. 3:24-cv-00240-SLG*, Davison v. Gerrits, et al.*
Screening Order
Page 6 of 15
Case 3:24-cv-00240-SLG     Document 6     Filed 02/12/25     Page 6 of 15

### III. Eighth and Fourteenth Amendments

The constitutional protections for pretrial detainees and convicted prisoners differ significantly. Claims of excessive force and inadequate medical care brought by pretrial detainees arise under the Fourteenth Amendment and are evaluated under an objective standard.[24] Whereas, claims brought by convicted prisoners arise under the Eighth Amendment and are evaluated under a subjective deliberate indifference standard.[25]

In this case, Plaintiff has not specified whether he is a pretrial detainee or a convicted prisoner, and he brings claims under both the Eighth and Fourteenth Amendments. Because Plaintiff is housed at the Mat-Su Pretrial Facility[26] and has a pending criminal case in state court,[27] he appears to be a pretrial detainee. If Plaintiff is, in fact, a pretrial detainee, his claims must be analyzed under the Fourteenth Amendment instead of the Eighth Amendment.

---

[24] *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1122-25 (9th Cir. 2018).

[25] *Id.*

[26] Information regarding inmates in the custody of the Alaska Department of Corrections, such as an inmate's current location and tentative release date, is available through the Victim Information and Notification Everyday (VINE) service at www.vinelink.com.

[27] *See State of Alaska vs. Davison, Michael Wade,* Case No. 3PA-23-02519CR, Docket Event 04/04/2025 (Scheduled Trial Week). Publicly available records of the Alaska Court System may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

Case No. 3:24-cv-00240-SLG, *Davison v. Gerrits, et al.*
Screening Order
Page 7 of 15
Case 3:24-cv-00240-SLG    Document 6    Filed 02/12/25    Page 7 of 15

## IV. Claims of Inadequate Medical Care

"Individuals in state custody have a constitutional right to adequate medical treatment."[28] Claims for violations of the right to adequate medical care brought by pretrial detainees against individual defendants under the Fourteenth Amendment must be evaluated under an objective standard.[29] Whereas, an Eighth Amendment medical treatment claim brought by a convicted prisoner must be evaluated under both an objective and a *subjective* deliberate indifference standard.[30]

Should Plaintiff choose to file an amended complaint, he must clarify his custody status. However, under either standard, the Complaint fails to include sufficient facts to state a plausible claim of inadequate medical care against Defendant Pierce. Plaintiff is accorded leave to file an amended complaint which attempts to revise his claims to correct the deficiencies identified in this order with respect to Defendant Pierce.

### A. Fourteenth Amendment Claims of Inadequate Medical Care

The Fourteenth Amendment's Due Process Clause protects pretrial detainees from prison officials' deliberate indifference to a serious medical need.[31]

---

[28] *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 667-69 (9th Cir. 2021).

[29] *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1122-25 (9th Cir. 2018) (relying on *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016) (en banc) and concluding that the subjective deliberate indifference standard under the Eighth Amendment did not apply to pretrial detainee's inadequate medical care claim under the Fourteenth Amendment).

[30] *Id.*

[31] *Gibson v. County of Washoe,* 290 F.3d 1175, 1187 (9th Cir. 2002).

Case No. 3:24-cv-00240-SLG*, Davison v. Gerrits, et al.*
Screening Order
Page 8 of 15
Case 3:24-cv-00240-SLG     Document 6     Filed 02/12/25     Page 8 of 15

To prevail on such claim, a plaintiff must plead sufficient facts, that if accepted as true, support each of the following elements:

    (1)    the defendant made an intentional decision regarding the denial of needed medical care;

    (2)    the denial of needed medical care put the plaintiff at substantial risk of suffering serious harm;

    (3)    the defendant did not take reasonable available measures to abate or reduce the risk of serious harm; and

    (4)    by not taking such measures the defendant caused the plaintiff's injuries.

With respect to the third element, the defendant's conduct must be objectively unreasonable; meaning a reasonable officer under the circumstances would have understood the high degree of risk involved—making the consequences of the defendant's conduct obvious.[32]

### B. Eighth Amendment Claims of Inadequate Medical Care

Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments." This includes the right to receive adequate medical care. To prevail on such claim, a plaintiff must plead sufficient facts, that if accepted as true, support each of the following elements:

---

[32] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.30 and the cases cited therein.

Case No. 3:24-cv-00240-SLG, *Davison v. Gerrits, et al.*
Screening Order
Page 9 of 15
Case 3:24-cv-00240-SLG   Document 6   Filed 02/12/25   Page 9 of 15

> (1) the plaintiff faced a serious medical need;
>
> (2) the defendant was deliberately indifferent to that serious medical need: that is, the defendant knew of the plaintiff's serious medical need and disregarded it by failing to take reasonable measures to address it; and
>
> (3) the defendant's act or failure to act caused harm to the plaintiff. [33]

The Eighth Amendment does "not require the highest quality of health care, the community standard of health care, or the most pleasant accommodations possible."[34] Additionally, allegations of verbal harassment by correctional officers do not state a constitutional claim cognizable under Section 1983.[35]

### V. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[36] Any claim not included in the amended complaint will be considered waived. An amended complaint must contain a "short and plain statement of the claim showing

---

[33] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.27 and the cases cited therein.

[34] *Jensen v. Shinn,* 609 F. Supp. 3d 789, 796 (D. Ariz. 2022).

[35] *See, e.g., Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir. 1996), *amended* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard are not enough to implicate the Eighth Amendment); *Oltarzewski v. Ruggiero,* 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim).

[36] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

Case No. 3:24-cv-00240-SLG*, Davison v. Gerrits, et al.*
Screening Order
Page 10 of 15
Case 3:24-cv-00240-SLG   Document 6   Filed 02/12/25   Page 10 of 15

that the pleader is entitled to relief."[37] A plaintiff need not file exhibits or evidence to attempt to prove his case at the pleading stage.[38] Rather, a complaint need only to allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[39] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury was caused, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, and with no paragraph number being repeated anywhere in the complaint.[40] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

---

[37] Fed. R. Civ. P. 8(a)(2).

[38] Although the Court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, the scope of review at the screening generally is limited to the contents of the complaint. *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[39] Fed. Rule Civ. Proc. 8(a)(2).

[40] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 3:24-cv-00240-SLG, *Davison v. Gerrits, et al.*
Screening Order
Page 11 of 15
Case 3:24-cv-00240-SLG     Document 6     Filed 02/12/25     Page 11 of 15

Although Plaintiff is being given an opportunity to file an amended complaint, he shall not unjustifiably expand the scope of the case by alleging new unrelated parties or claims. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. An amended complaint may not include any defendants or claims that have been dismissed with prejudice.

Should Plaintiff choose to file an amendment complaint, he must specify his custody status, as this determines the applicable constitutional standard. Because an amended complaint replaces the prior complaint in its entirety,[41] Plaintiff must replead his claims against Defendant Gerrits in addition to revising any claims against Defendant Pierce. If Plaintiff elects to file a notice voluntarily dismissing Defendant Pierce from this case, his claim of excessive force against Defendant Gerrits may proceed as filed in the complaint, subject to a plaintiff's responsibility to conduct his own legal research and substantiate his claims under the appropriate constitutional amendment as his case proceeds.[42]

**IT IS THEREFORE ORDERED:**

1. Plaintiff is accorded 30 days from the date of this order to file one of the following:

---

[41] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[42] *Cf. Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("[The liberal construction of pro se pleadings] rule relieves pro se litigants from the *strict* application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them" (emphasis added)).

Case No. 3:24-cv-00240-SLG, *Davison v. Gerrits, et al.*
Screening Order
Page 12 of 15
Case 3:24-cv-00240-SLG    Document 6    Filed 02/12/25    Page 12 of 15

a. <u>First Amended Complaint</u>, in which Plaintiff restates his claim against Defendant Gerrits and revises his complaint as to Defendant Pierce to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to dismiss Defendant Pierce and proceed only on his claim against Defendant Gerrits.

2. If Plaintiff chooses to file an amended complaint, the Court must screen the amended complaint as to Defendant Pierce to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed against Defendant Pierce to the next stage of litigation.

3. Plaintiff shall not attempt service on any defendant until the Court issues an Order Directing Service and Response that explains the requirements of completing service.

4. Plaintiff's application to waive prepayment of the filing fee at **Docket 3 is GRANTED.**

5. Federal law only allows the Court to waive a prisoner's *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee

Case No. 3:24-cv-00240-SLG, *Davison v. Gerrits, et al.*
Screening Order
Page 13 of 15
Case 3:24-cv-00240-SLG   Document 6   Filed 02/12/25   Page 13 of 15

incrementally until paid in full, regardless of the outcome of the action.[43] The Court will issue a separate order on the collection for the filing fee.

6. If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[44] Failure to comply may result in dismissal of this action.

7. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[45] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

8. If Plaintiff does not file either an Amended Complaint or a Notice of Voluntary Dismissal of Defendant Pierce **within 30 days from the date of this order,** this case may be dismissed without further notice to Plaintiff.

9. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address,

---

[43] 28 U.S.C. § 1915(b)(1)&(2).

[44] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[45] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:24-cv-00240-SLG, *Davison v. Gerrits, et al.*
Screening Order
Page 14 of 15
Case 3:24-cv-00240-SLG     Document 6     Filed 02/12/25     Page 14 of 15

and its effective date.[46] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

10. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09B, "Notice of Voluntary Dismissal – Case or Defendant"; and (3) form PS23, Notice of Change of Address.

DATED this 12th day of February, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[46] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:24-cv-00240-SLG, *Davison v. Gerrits, et al.*
Screening Order
Page 15 of 15
Case 3:24-cv-00240-SLG   Document 6   Filed 02/12/25   Page 15 of 15