**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**

MICHAEL W. DAVISON,

        Plaintiff,

    v.

AARON GERRITS,

        Defendant.

3:24-cv-00240-ACP

**ORDER GRANTING**
**SUMMARY JUDGMENT**
[Dkt. 30]

The Plaintiff, Michael Davison, was incarcerated under the supervision of the Alaska Department of Corrections. He filed this lawsuit under 42 U.S.C. § 1983, alleging that a correctional officer, Aaron Gerrits, used excessive force when moving Davison between prison modules.[1] CO Gerrits filed a motion for summary judgment, Davison filed an opposition, and CO Gerrits filed a reply.[2] As explained below, the motion for summary judgment is GRANTED because Davison failed to exhaust administrative remedies that were available to him.

## I.    BACKGROUND FACTS

On October 2, 2024, Davison was incarcerated at the Mat-Su Pretrial facility for a pending sexual assault charge.[3] He became upset with CO Gerrits over some breakfast

---

[1] Dkt. 1 (Complaint). CO Gerrit's first name is apparently spelled "Erin." But for consistency, this Order follows the convention used by the parties throughout the docket and spells it "Aaron."

[2] Dkt. 30 (Motion); 38 (Opposition); 40 (Reply).

[3] Dkt. 1 at 3; Dkt. 30-6 at 10-11 (Davison Deposition).

trays.[4] Davison confronted CO Gerrits and "said you're being a dick about these inmates' breakfast trays."[5] CO Gerrits ordered Davison to turn around so he could be handcuffed and transferred to a different module for a "cool down."[6]

During the transfer process, Davison alleges that he was fast-walked to the booking link door and that CO Gerrits shoved him and slammed his face into the door.[7] Davison alleges that he told CO Gerrits: "Man, stop, you're hurting me."[8] Davison then "stopped walking."[9] He alleges that CO Gerrits "put [him] in a choke hold . . . and slammed [him] onto the ground."[10]

Later on October 2, 2024, Davison submitted a request for interview form to the Standards Officer.[11] On the form he wrote:

> May I please speak with you about the events that happened today between myself and C.O. Gerrits. I was slammed into a door while my hands were cuffed behind my back, put in a choke hold, and slammed face first into the ground and all I

---

[4] Dkt. 30-6 at 27-28.

[5] *Id.*

[6] *Id.* at 30-31, 45.

[7] *Id.* 31.

[8] *Id.* 32-33.

[9] *Id.*

[10] *Id.* There is video footage of the encounter arguably contradicting Davison's account. *Id.* at 55-56, 1; Dkt. 30, Ex. H (Video Footage filed Conventionally). The evidence "must be viewed in the light most favorable to the nonmoving party," but the Court does not need to adopt a view of the facts that "is blatantly contradicted by the record." *Scott v. Harris*, 550 U.S. 372, 380-81 (2007). Because this fact is not material to the basis for dismissal (administrative exhaustion) the Court need not decide which view of the facts to adopt for this motion.

[11] Dkt. 30-1 (RFI Form).

was trying to do was comply. I have a really bad headache, neck pain, knee pain, and rib pain.[12]

Davison received a response the next day.[13]

On October 5, 2024, Davison filed a formal grievance on DOC form 808.03C.[14] He reiterated his allegations against CO Gerrits and asked for the following relief: "Personal apology from Ofc. Gerrit. A documented incident report of the assault in his personnel file, using this grievance process for future litigation."[15]

The grievance was assigned to an investigator, and she issued findings and recommendations on October 24, 2024:

> I watched the preserved video . . . showing the escort of inmate DAVISON from B-mod to Booking cell B . . . . the video did not show inmate DAVISON's face slammed into the link door. Approximately halfway through the link, it did appear that inmate DAVISON was showing signs of resistance to walking with Officer Gerrits. Officer Gerrits did place inmate DAVISON's back to the fence wall and then bent him at the waist forward, then slowly escorted him to the ground to gain better control of the inmate and wait for other officer assistance. I did not see any strikes to DAVISON's face or any body part, through the entire movement. I also did not see what would appear as a 'choke hold'.
>
>  . . . .
>
> Upon completion of this investigation, it is this investigator's recommendation that partial relief be granted. Incident reports

---

[12] *Id.* (citation modified for legibility).

[13] *Id.*

[14] Dkt. 30-2 (Grievance Form).

[15] *Id.*

> have been placed in DAVISON's file, and also have previously
> been given to inmate DAVISON.[16]

In other words, the investigator found that CO Gerrits did not use excessive force. She recommended granting "partial relief" by placing the incident reports in Davison's file.

On November 14, 2024, Superintendent Olsen issued a determination saying "Concur with investigator's findings. Grievance partially granted."[17] Davison immediately indicated that he was unsatisfied with the response and that he intended to appeal to the Director of Institutions, so he was given an appeal statement form.[18]

On November 14, 2024, Davison submitted the appeal statement form to the Director of Institutions.[19] He reiterated the allegations against CO Gerrits and wrote "I don't even know what the relief is."[20]

On November 16, 2024, the acting Director of Institutions issued a decision on the appeal:

> Mr. Davidson, the facilities investigation did not find for any misconduct. The partial relief that was recommended is spelled out in the investigation, with the placement of the Incident Report in your file . . . . Your request for appeal is denied.

---

[16] *Id.*

[17] *Id.* at 2.

[18] *Id.*

[19] Dkt. 30-3 (Grievance Appeal).

[20] *Id.*

Davison could have appealed that determination to the Standards Administrator, but he did not pursue any further appeal.[21] He filed this lawsuit instead.[22]

## II. LEGAL STANDARD

Summary judgment is granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[23] The moving party has the "initial burden of demonstrating the absence of a genuine issue of fact for trial."[24] But "when the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.' "[25] If this showing is made, the non-moving party must offer evidence "set[ting] forth specific facts showing that there is a genuine issue for trial."[26] Parties typically cannot rely on unsworn statements to defeat summary judgment.[27]

## III. ANALYSIS

CO Gerrits filed a motion for summary judgment based on two theories. First, he argues that this case should be dismissed because Davison failed to exhaust his

---

[21] Dkt. 30-4 (Decl. of Jon Hambrick), 30-5 (Decl. of Jeremy Hough).

[22] Davison initially named another defendant, but he voluntarily dismissed all of the claims against them, leaving CO Gerrits as the sole defendant. Dkt. 7 (Notice of Voluntary Dismissal).

[23] Fed. R. Civ. P. 56(a).

[24] *Deveraux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).

[25] *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

[26] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

[27] Fed. R. Civ. P. 56(e) (requiring "proper[] support"); *see Southern Ca. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925-26 (9th Cir. 2014) (requiring admissible evidence at summary judgment); *Orr v. Bank of American, NT & SA*, 285 F.3d 764, 774-75 (9th Cir. 2002) (requiring authenticated evidence).

administrative remedies. Second, he argues Davison's constitutional rights were not violated and that CO Gerrits has qualified immunity for any constitutional violations. As explained below, the Court agrees that Davison was required to exhaust his administrative remedies and failed to do so. The Court therefore does not reach qualified immunity.[28]

**A.**     ***Inmates must exhaust their administrative remedies before suing under § 1983.***

The parties do not dispute that this case is governed by the Prison Litigation Reform Act (PLRA). That law says: "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[29] This requires "using all steps that the agency holds out, and doing so properly."[30] The PLRA "demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without impose some orderly structure on the course of its proceedings."[31] But the PLRA does not require exhaustion if an administrative remedy is "effectively unavailable."[32]

---

[28] *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc) ("Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim.").

[29] 42 U.S.C. § 1997e(a); *Ross v. Blake*, 578 U.S. 632, 640 (2016) (applying PLRA to excessive force claim).

[30] *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (emphasis deleted) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).

[31] *Id.* at 90-91.

[32] *Andres v. Marshall*, 867 F.3d 1076, 1078 (9th Cir. 2017) (quoting *Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010)).

***B.***     ***Davison failed to complete his administrative appeal.***

    ***1.***     ***DOC's grievance process has three levels.***

The Department of Correction's grievance process has three levels, which are spelled out in DOC Policy 808.03.[33]

*Level one.* To report allegations of DOC staff misconduct, an inmate must first complete and submit a formal grievance.[34] The grievance must include form 808.03C and be filed within 30 days of the incident.[35] A level one grievance is initially reviewed by the Facility Standards Officer, who either investigates it personally or assigns it to another staff member for investigation. The investigator then sends a written statement of findings and recommendations to the Facility Manager, who issues a determination of findings.

*Level two.* The inmate may then file an appeal of the Facility Manager's determination on form 808.03D.[36] The Director of Institutions must resolve the appeal within 15 days.[37] If there is no formal determination in that time period, "the appeal is considered denied."[38]

*Level three.* Third, if the inmate remains dissatisfied, they may file a final appeal to the Standards Administrator.[39] The level three appeal must be filed "[w]ithin 20 working

---

[33] Dkt. 30-7 (Policy 808.03 and Interim Policy Memoranda).
[34] *Id.* at 7 (Policy 808.03 VII.A.1.c).
[35] *Id.*
[36] *Id.* at 8.
[37] *Id.* at 11.
[38] *Id.*
[39] *Id.* at 8.

days after receiving the Director's decision."[40] To do so, the inmate "must request a review by writing a letter not to exceed two pages and send it in a sealed envelope directly to the Standards Administrator."[41] The Administrator's review "serves as the final administrative action of the Department on the grievance."[42]

### 2. *There is no dispute that Davison failed to exhaust level three of the grievance process.*

CO Gerrits argues that he is entitled to summary judgment because Davison failed to exhaust his administrative remedies.[43] Specifically, he argues that Davison failed to complete level three of the grievance process.[44] Davison did not file any sworn statements with his opposition. And in his opposition filing, Davison does not contest the fact that he failed to file a level three grievance.[45] His unsworn pleading seems to allege that an officer interfered with his ability to type a level-three grievance letter because he was "wr[itten] up for misusing the typewriter."[46] As explained below, there is no dispute that Davison

---

[40] *Id.*

[41] *Id.*

[42] *Id.* at 9.

[43] *See Albino*, 747 F.3d at 1166 ("If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."). The Defendant has the burden to prove that an inmate failed to exhaust available administrative remedies. *Id.* at 1172.

[44] Dkt. 30 at 12-13.

[45] Dkt. 38 ("I was prepared to take that grievance to a level three.").

[46] *Id.* at 1.

failed to complete level three of the grievance process as required by the PLRA, and that failure is not excused.

CO Gerrits presented sworn declarations explaining that Davison failed to elevate his grievance to level three of the process. Specifically, CO Gerrits submitted a declaration from Jeremy Hough, the Standards Administrator, whose role is "to review and respond to Level 3 grievances."[47] Hough "searched the relevant databases and could not find any Level 3 grievance from Mr. Davison regarding" the incident at issue here.[48] That is consistent with Davison's opposition filing, which says that he "was prepared to take that grievance to a level three" but gives no indication that he ever did so.[49] Taken together, this evidence is enough for CO Gerrits to meet his initial burden at the summary judgment stage.

Davison failed to respond with "specific facts showing that there is a genuine issue for trial."[50] Davison was sent a *Rand* notice stating the following:[51]

> When a party you are suing make a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents. If you do not submit your own evidence in

---

[47] Dkt. 30-5 at 1.
[48] *Id.* at 2.
[49] Dkt. 38 at 1.
[50] *Anderson*, 477 U.S. at 248.
[51] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

opposition, summary judgment, if appropriate, may be entered against you.[52]

This is a fair summarization of the example *Rand* notice provided by the Ninth Circuit.[53] And in response, Davison did not provide any sworn statements, declarations, or depositions. His opposition filing is signed generically.[54] But nothing indicates that he intended to make the filing under penalty of perjury. And even so, the unsworn filing does not suggest that Davison filed a level three grievance—he apparently "was prepared to" file one but never did. In sum, Davison's opposition filing does not create a dispute over this fact.[55] Under Rule 56(e), the Court thus "considers [it] undisputed" that Davison never completed level three of the grievance process.

Level three of the grievance process was available to Davison, so his failure to exhaust is not excused. His level two grievance was resolved on November 16, 2024.[56] His level three grievance was due 20 days later, on December 6, 2024. Davison's opposition filing suggests that he was drafting a level-three grievance letter on November 27, 2024 until DOC "confiscated [the] typed" letter because he was caught violating DOC policy

---

[52] Dkt. 34.

[53] *See Rand*, 154 F.3d at 962-63.

[54] Dkt. 38 at 6. Davison signed his pleading as a "Pro-se attorney."

[55] Davison also filed 47 pages of documents with his opposition. Dkt. 38-1. But he fails to explain how they are relevant to this argument. *See Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) (saying court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references"); *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) (applying rule to pro se). And for the reasons in CO Gerrit's motion, they do not seem to address the issue at hand. Dkt. 40 at 3-9.

[56] Dkt. 30-3.

with the typewriter.[57] He essentially argues that DOC interfered with his ability to type the level-three grievance letter. But again, Davison provided no sworn testimony to support his argument. In any event, the narrative in the opposition filing does not show that DOC meaningfully interfered with Davison's ability to elevate his grievance. To do that, Davison simply had to "writ[e] a letter not to exceed two pages and send it in a sealed envelope directly to the Standards Administrator."[58] Thus, there is no requirement that the letter be typed. And Davison had more than a week to handwrite a level-three grievance letter after losing typewriting privileges. It appears that he chose not to do so.

In sum, Davison did not submit any evidence supporting his opposition filing. He thus failed to create a genuine dispute over whether he elevated his grievance to level three—for the purpose of this motion, he did not. That is fatal to his § 1983 claim because the PLRA requires inmates to exhaust all available administrative remedies before filing a lawsuit.[59] That duty "is mandatory under the PLRA."[60] Even accounting for the unsworn narrative Davison provided, he failed to exhaust available administrative remedies because DOC did not meaningfully interfere with his ability to file a level three grievance.

---

[57] Dkt. 38 at 1.
[58] Dkt. 30-7 at 8.
[59] 42 U.S.C. § 1997e(a).
[60] *Jones v. Bock*, 549 U.S. 199, 211 (2007).

## IV.     CONCLUSION

The Defendant's motion for summary judgment at Docket 30 is GRANTED. The complaint is DISMISSED without prejudice.[61]

IT IS SO ORDERED.

DATED May 27, 2026.

/s/ *Aaron Christian Peterson*
Aaron Christian Peterson
United States District Judge

---

[61] *See Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005) (requiring dismissal without prejudice for failure to exhaust under PLRA).